### DAWSON v. KEMPER.

*Right of one of the owners of a party wall to board up windows in the wall.*

The plaintiff and defendant are owners of adjoining property on Broadway of this city, separated by a party wall, in which there were windows of opaque glass. These windows were boarded up by the defendant, for the reason that he had been annoyed by persons in the house of the plaintiff looking through them into his rooms. The plaintiff charged that the boarding up of these windows was malicious, and petitioned for an injunction. The defendant by answer and cross petition, denied the charge of malice, and asked for $2,000 damages on account of the annoyance of having people peeking through these windows into his rooms, which were used by him (a physician) as an office, where operations were performed.

HEARD on appeal from the common pleas.

Decision of common pleas, 1 O. D., 556, sustained.

SWING, J.

From the evidence we find that the defendant, Kemper, did not do the acts complained of in the petition from a spirit of malice, as therein charged; but on the contrary, we find that he was perfectly justified in taking whatever course was necessary in order that the privacy of his own dwelling might be secured so far as this was interfered with by per-

The Toledo Commercial Co. v. The Glen Mfg. Co.

sons improperly using the space in defendant's wall for the purpose of looking into defendant's premises. It was not shown that the acts complained of were done by plaintiffs with their knowledge or consent. The act complained of was on the defendant's own property, and he had the right to use his property for his own health and enjoyment in such way as he thought best, provided he did not by doing so unlawfully injure his neighbor. The plaintiff had no right to keep these spaces open in the wall any more than he had the right to make other and new spaces in the wall, as against the right of the defendant to close them whenever it became proper and necessary to the enjoyment of his property, he should conclude to do so. For instance, it is admitted that he might close them by building against the wall. So, we think, when it was found that these spaces in his own wall were being used to his injury, he had a right to close them. Not that he had a right to injure his neighbor, but he had a right to protect himself; and having conceded him the right to effectually protect himself, even to the extent of closing the windows, we are unable to see how in law we are able to say to him that he should put in opaque glass instead of boards or brick. The glass hitherto put in had proven inadequate. Was he bound to try it again? We think not. Good neighborhood, we think, would be content with the opaque glass; but the law does not go quite so far as to compel the doing of certain acts, which good neighborship cheerfully accords.

The petition and the answer and cross-petition of the defendant will be dismissed.

*J. M. Dawson*, for Plaintiff.

*Gholson & Cabell, contra.*